UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| TAMBI TAYLOR | ) | Case Number |
| | ) | |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| GLOBAL CREDIT & | ) | JURY TRIAL DEMANDED |
| COLLECTION CORPORATION | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Tambi Taylor, by and through her undersigned counsel,

Brent F. Vullings, Esquire, complaining of Defendant and respectfully avers as follows:

### I.    INTRODUCTORY STATEMENT

1.    Plaintiff, Tambi Taylor (hereinafter "Plaintiff"), is an adult natural person

and brings this action for actual and statutory damages and other relief against Defendant

for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.

### II.    JURISDICTION

2.      Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3.      Venue in this District is proper in that the Defendant transacts business here and maintains a principal place of business in this District.

### III.    PARTIES

4.      Plaintiff, Tambi Taylor, is an adult natural person residing at 9306 Carsins Run, Owings Mills, MD 21117. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, Global Credit and Collection Corporation, at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Maryland and the State of New Jersey with its principal place of business located at 300 International Drive, Suite 100, Williamsville, NY 14221 and a registered office located at 820 Bear Tavern Road, Trenton, NJ 08628-1021.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7.     Starting in December 2009, Defendant began a series of harassing and intimidating phone calls to Plaintiff regarding an alleged debt owed to Hilco Receivables.

8.     Agents of the Defendant have called Plaintiff over seven times at her place of employment, despite being asked to not call her while she was at work.  Defendant and their agents also spoke with a co-worker of the Plaintiff and asked to be transferred to human resources.

9.     On one occasion in January 2010, Plaintiff spoke with an agent of the Defendant, "Ray", who threatened that her interest rate and payments would go up if she did not make a payment immediately.  Plaintiff reluctantly divulged her banking information to make a payment of $50.00 that would be debited on January 22, 2010.  "Ray" also set up a payment for $1500.00 to be charged in February 2010, but Plaintiff called back and insisted that "Ray" not remove the funds from her account.  "Ray" assured Plaintiff that it would not be debited.

10.     On March 1, 2010, Defendant attempted to debit $1500.00 from Plaintiff's account, despite "Ray" insisting this would not happen.  This caused Plaintiff to be met with a $35.00 Returned Item Fee, and $70.00 in overdraft fees.  See a copy of the document appended hereto and marked "**EXHIBIT A**".

11.     Plaintiff contacted Defendant about the unauthorized charges, and an agent of the Defendant taunted her and laughed while asking, "What do you want me to do about it?"

12.     On March 8, 2010, Defendant successfully removed $1500.00 from Plaintiff's bank account, and once again this transaction was never allowed by the Plaintiff.

For a second time, Plaintiff incurred overdraft fees that totaled $70.00, and one $35.00 Returned Item Fee.  See a copy of the documentappended hereto and marked "**EXHIBIT B**".

13.    As a result of the actions of the Defendant, Plaintiff has suffered a financial hardship, as well as an interruption of her scheduled and authorized living expenses.

14.    The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

15.    The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

16.    At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

17.    At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

18.    The above paragraphs are hereby incorporated herein by reference.

19.    At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

20.    The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(3):   At place of employment when knows that the employer prohibits such communications

§ 1692d:   Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(2):   Profane language or other abusive language

§ 1692e:   Any other false, deceptive or misleading representation or means in connection with the debt collection

§ 1692e(10):   Any false representation or deceptive means to collect a debt or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to collect the alleged debt

§ 1692f(1):   Attempt to collect any amount not authorized by the agreement creating the debt or permitted by law

§ 1692f(5):   Caused any charges to be made to the consumer

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Global Credit and Collection Corporation, for the following:

a.      Actual damages;

d.      Statutory damages pursuant to 15 U.S.C. §1692k;

c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## V.      JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

Respectfully submitted,

**WARREN & VULLINGS, LLP**

Date: **March 22, 2010**                          BY: */s/  Brent F. Vullings*
                                                  Brent F. Vullings, Esquire
                                                  Warren & Vullings, LLP
                                                  1603 Rhawn Street
                                                  Philadelphia, PA  19111
                                                  215-745-9800   Fax 215-745-7880
                                                  Attorney for Plaintiff